United States District Court
Southern District of Texas
**ENTERED**
September 01, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY CHRISTYNA MORALES SUM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5346 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Wendy Christyna Morales Sum ("Petitioner"), a citizen of Guatemala, entered the United States without inspection in 2008.[1] On December 23, 2025, Petitioner was taken into immigration custody.[2] On December 25, 2025, Petitioner was served with a Notice to Appear, charging her with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and due process.[5] Also pending before the court is Respondents' Motion for Summary Judgment

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 1 ¶ 1; Motion to Stay and, in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 2 ¶ 2.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 6-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 6, p. 2.

[5]Habeas Petition, Docket Entry No. 1, pp. 20–22 ¶¶ 69–82.

(Docket Entry No. 6). Respondents argue that Petitioner's detention does not violate due process because she is legally detained under § 1225(b)(2) as an applicant for admission.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez, 166 F.4th at 498, 502. This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 1st day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[6]Respondents' MSJ, Docket Entry No. 6, pp. 1–2.